UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-74 |
| | ) | (PHILLIPS/SHIRLEY) |
| LEWIS DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COMMITMENT FOR
## MENTAL EXAMINATION AND EVALUATION

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. On August 27, 2008, this matter came before the Court for consideration of the defendant's August 7, 2008 Motion to Determine Competency [Doc. 11] and on the defendant's Notice of Insanity Defense and/or Mental Defect [Doc. 12]. Assistant United States Attorney David P. Lewen represented the government. Attorney Bruce E. Poston was present for the defendant, who was also present.

Attorney Poston argued that he had received information on the defendant's mental history from the defendant's family members. While meeting with the defendant on the case, he had the sense that the defendant had difficulty concentrating on issues and appreciating what was happening in the case. He stated that based upon his dealings with the defendant, he believed that the defendant was not able to appreciate the nature and consequences of the proceedings against him or to assist in trial preparations. The government stated that it did not object to the competency evaluation. The Court found that reasonable cause existed to warrant a mental examination and

1

evaluation of the defendant under 18 U.S.C. section 4241(a). The government requested that the defendant also be evaluated under 18 U.S.C. section 4242(a). Defense counsel did not object and stated his belief that a good faith basis existed for conducting this examination as well. Because the defendant had given notice of his intent to raise an insanity defense, the Court also granted an examination under section 4242(a).

Accordingly, the Court **GRANTS** the defendant's motion [**Doc. 11**] and the government's oral motion, and it is hereby **ORDERED**, pursuant to Title 18, Sections 4241(b), 4242(a), 4247(b) and 4247(c), of the United States Code, as follows:

1. The defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists. Once designation of the facility is received, the defendant shall be transported by the United States Marshal's office to such facility.

2. The purpose of the evaluation shall be:

    a. for conducting psychiatric and psychological examinations by one or more licensed or certified psychiatrists and clinical psychologists;

    b. for the purpose of determining whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

    c. for the purpose of determining whether at the time of the offense charged, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts.

3. Pursuant to Rule 12.2(c), the defendant is to submit to such examinations as ordered above.

4. The defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility.

5. The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court

as soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for the defendant and counsel for the United States, and said report shall include:

    a. defendant's history and present symptoms;

    b. description of the psychiatric, psychological and medical tests that were employed and their results;

    c. examiners' findings;

    d. examiners's opinions as to diagnosis and prognosis, and

    i) whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

    ii) whether at the time of the offense charges, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts.

6.     Pursuant to Title 18, Section 4247(b), the United States Code, the defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period of time not to exceed **FORTY-FIVE (45) DAYS**, unless otherwise ordered by the Court.

7.     That the defendant be **FORTHWITH RETURNED** to the custody of the United States Marshal no later than the expiration of the forty-five (45) day period.

8.     The undersigned will conduct a status conference on this matter, for the purpose of scheduling a competency hearing, on **December 12, 2008, at 10:00 a.m.**

**IT IS SO ORDERED.**

                            ENTER:

                            s/ C. Clifford Shirley, Jr.
                            United States Magistrate Judge