UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:08-CR-74 (PHILLIPS/SHIRLEY) |
| LEWIS DAVIS, | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. On August 27, 2008, this matter came before the Court for consideration of the defendant's August 7, 2008 Motion to Determine Competency [Doc. 11] and on the defendant's Notice of Insanity Defense and/or Mental Defect [Doc. 12]. Assistant United States Attorney David P. Lewen represented the government. Attorney Bruce E. Poston was present for the defendant, who was also present.

Attorney Poston argued for the defendant to be committed for a competency exam, providing reasonable cause for same based upon his dealings with the defendant and conversations with the defendant's family members regarding the defendant's mental history. The government did not object to the competency evaluation and requested that the defendant also be evaluated under 18 U.S.C. section 4242(a). The Court found that reasonable cause existed to warrant a mental examination and evaluation of the defendant under 18 U.S.C. section 4241(a) and also granted an examination under section 4242(a) in light of the defendant's notice of his intent to raise an insanity

1

defense. The Court ordered that the defendant be committed to suitable facility for forty-five days for such an examination and evaluation to take place.

At the conclusion of the hearing, defense counsel moved to continue the August 27, 2008 trial date. The parties agreed upon an April 1, 2009 trial date. The Court found this date to be reasonable in light of the need for a mental examination, a report on the defendant's competency from the examining facility, a hearing to determine the defendant's competency, the filing of other pretrial motions should the defendant be found competent, and time for the parties to prepare for trial. The Court explained the situation to the defendant, who agreed that he could not be tried until the matter of his competency was resolved. The Court found and the parties agreed that all the time between the hearing and the new trial date was fully excludable.

The Court finds that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). The Court notes that the case was scheduled to be tried on the date of the hearing regarding a competency examination. The Court granted the requested examination and ordered [Doc. 15] that the defendant be committed for forty-five days to undergo an evaluation of his competency to stand trial and his sanity at the time of the offense. The time necessary for the examination and the reasonable transportation time to and from the examining facility is excludable under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(A), -(H). Once the defendant returns and the Court receives the report from the facility, it will hold a hearing to determine the defendant's competency. See 18 U.S.C. § 3161(h)(1)(F). If the defendant is found competent, the parties will need time to file pretrial motions. See 18 U.S.C. § 3161(h)(1)(F). If any pretrial motions are filed, the Court will need time to conduct hearings on them and time, not to exceed thirty days, to rule upon such

motions. See 18 U.S.C. § 3161(h)(1)(F) & (J). Finally, the parties will need time to prepare for trial in light of any such rulings. The Court finds that all of this could not take place in less than eight months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, the Court **GRANTS** a continuance of the trial and resets it to **April 1, 2009**. The Court also finds that all the time between the August 27, 2008 hearing and the new trial date of April 1, 2009, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(A), (F), (H), (J), and (h)(8)(A)-(B). With regard to further scheduling, the Court will hold a status conference on December 12, 2008, at 10:00 a.m. to schedule the competency hearing. The Court will address further scheduling when and if the defendant is found competent.

Accordingly, it is ordered:

(1) Defense counsel's oral motion to continue the trial is **GRANTED**;

(2) The trial of this matter is reset to commence on **April 1, 2009**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the **August 27, 2008** hearing and the new trial date of **April 1, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein; and

(4) A status conference is set before the undersigned on **December 12, 2008, at 10:00 a.m.**

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge

3